**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE AMAYA-GRANADOS, a.k.a Jose Rene Amaya, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74837 <br><br> Agency No. A098-892-169 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Jose Amaya-Granados, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the threats Amaya-Granados experienced did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000). We reject Amaya-Granados' claim that he is eligible for asylum and withholding of removal based on his anti-gang political opinion or membership in a particular social group of young men in El Salvador who resist gang recruitment. *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) (refusal to join gangs does not constitute a political opinion or membership in a particular social group); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We lack jurisdiction to consider Amaya-Granados' claim that his family constitutes a particular social group, because petitioner failed to administratively exhaust the claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Amaya-Granados' contention that

the BIA failed fully to articulate its reasoning is belied by the record. Accordingly, Amaya-Granados' asylum and withholding of removal claims fail.

Finally, we deny Amaya-Granados' request to remand under the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. No. 110-457, because he is not eligible for relief under the TVPRA. *See* 6 U.S.C. § 279(g)(2)(C).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**